WILLIAM C. HENDEE, ADMINISTRATOR, v. WILDWOOD, DELAWARE BAY AND SHORT LINE RAILROAD COMPANY.

Argued February 16, 1916—Decided May 13, 1916.

Where plaintiff's general employment was that of running a train and his special employment was as fireman, and there was evidence to show that in emergencies firemen were accustomed to perform the duties of a brakeman, it was too narrow a definition of the word "employment" to hold that a fireman, acting in an emergency in the capacity of brakeman, was a volunteer, since such duties were a part of his general employment of running the train.

On *certiorari* to Cape May Pleas.

Before Justices SWAYZE, PARKER and KALISCH.

For the plaintiff, *William C. French* and *Samuel T. French.*

For the defendant, *J. Fithian Tatem.*

The opinion of the court was delivered by

SWAYZE, J. The facts found by the trial judge are as follows: The petitioner's decedent, Harry C. Hendee, was employed by the Wildwood, Delaware Bay and Short Line

Railroad Company as a locomotive fireman. He was also employed as an engineer at the company's pumping station, but this additional duty has no connection with the present case. On the day of the accident in question the train from Wildwood, on which Hendee worked, left Wildwood, as the judge found, about eighteen minutes late and arrived at Wildwood late. The crew consisted of engineer, fireman, brakeman and conductor. The conductor at the time of the accident was at the station and the other members of the crew were drilling the train. Two cars were lying on a siding and a third car was being shoved in to couple with these two cars. The brakeman ran ahead to make the coupling between the tank of the engine and the single car and the decedent left his engine and ran to the other end of the car to make the coupling between the single car and the two cars standing on the siding. The engineer was in charge of the train at the time. While making this coupling the decedent received the injury from which he died.

Upon these facts, the judge held that the decedent was a volunteer engaged in doing work outside the scope of his employment. This result was based upon the facts found as above stated, and upon what the judge said was uncontradicted testimony that according to the rules of the company, the duties of a fireman extend no further than his engine, notwithstanding the testimony that on other occasions the decedent had left his engine and performed duties outside of the line of his employment. It is important therefore to examine the rules and testimony as to Hendee's acts upon other occasions and as to the situation at the time of the accident. Rule 99 provides for the protection of a train when stopped or delayed under circumstances in which it may be overtaken by another train. The rule reads in part as follows: "The front of a train must be protected in the same way, when necessary by the front brakeman, *or in his absence by the fireman.*" Under some circumstances, then, it was the duty of the fireman to take the place of the front brakeman. Whether these circumstances were present in this case is not conclusive upon the question involved. At the time of the

accident only the engineer, fireman and brakeman were present with the train. The services of two brakemen seem to have been either necessary or desirable. There was uncontradicted evidence that on other occasions the decedent had acted as brakeman, and that on this particular occasion the engineer, who was in charge of the train, not only knew that Hendee had gone back to a point where the cars were to be coupled, but that the locomotive was operated by the engineer in response to Hendee's signals. The fireman was acting in an emergency in place of a brakeman.

We cannot review the trial judge's findings of fact, but as there is no distinct finding that the fireman's act was not in the line of his employment in the emergency that occurred, we are not controlled by the holding that the decedent was a mere volunteer. That holding is a mingled conclusion of law and fact, and depends in part upon the definition to be given to the word "employment." We think the judge erred in adopting too narrow a definition. Hendee's special employment was that of fireman, but his general employment was to assist in running the train. We think the uncontradicted evidence requires the conclusion that Hendee's act was one necessary to the running of the train. The trial judge could not then have found for the defendant unless he attributed to the word "employment" the narrow and special meaning. We think this was erroneous. The judgment must be reversed and the record remitted for a new trial.